THIRD DIVISION
DECEMBER 23, 2009

No. 1-08-3567

| | | |
|---|---|---|
| *In re* MARRIAGE OF CHRISTOPHER SLOMKA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| | ) | No. 08 D 8923 |
| and | ) | c/w 08 OP 5106 |
| | ) | |
| MARY LENEHAN-SLOMKA, | ) | The Honorable |
| | ) | Edward R. Jordan, |
| Respondent-Appellee. | ) | Judge Presiding. |

JUSTICE COLEMAN delivered the opinion of the court:

Petitioner, Christopher Slomka (Christopher), filed a motion in the circuit court of

Cook County seeking a preliminary injunction to enjoin Mary Lenehan-Slomka (Mary) from

taking the couple's two minor children to therapy with psychologist Jean Gray. The circuit court

denied Christopher's motion for a preliminary injunction finding that Christopher had waived his

objection to the disclosure of privileged information at the October 8, 2008, hearing by failing to

assert the privilege, and that Christopher's lack of communication with Jean Gray does not

establish a factual basis for the injunctive relief Christopher requested. On appeal, Christopher

argues that he did not waive privilege under the Illinois Mental Health and Developmental

Disabilities Confidentiality Act (Confidentiality Act) (740 ILCS 110/1 *et seq.* (West 2006)), and

thus it is plain error for a trial court to allow a therapist to testify in violation of the

Confidentiality Act. Christopher also contends that the trial court erred by denying his motion for a preliminary injunction. We affirm.

BACKGROUND

On September 11, 1988, Mary Lenehan-Slomka and Christopher Slomka were married. They have two minor children, Sean, born November 18, 1995, and Conor, born May 23, 1997. Mary and Christopher resided together with their children from the date of their marriage until September 2008.

On September 10, 2008, Mary obtained an emergency order of protection against Christopher based on an argument between the parties at their home in the preceding days. On September 16, 2008, Christopher moved to dismiss the order of protection and filed a petition for dissolution of marriage. The cases were consolidated. Christopher's petition for dissolution of marriage remains pending with contested custody of the children.

On October 8, 2008, the trial court held an evidentiary hearing on the order of protection. At the hearing, both parties were present and represented by counsel. During the hearing, Jean Gray, a licensed clinical professional counselor that had been treating Mary and the two children, testified regarding two meetings between herself and Mary and Christopher in July and August 2008 at which the parties were to discuss how to tell the children about the impending divorce. Ms. Gray testified that during the second meeting, Christopher was exhibiting severe mood swings and that his behavior was "totally inappropriate." She further testified to subsequent phone calls with Christopher to discuss his sons' progress during which Ms. Gray said Christopher was hostile and angry. Ms. Gray stated that she continued to return Christopher's phone calls despite his hostility because he was entitled to the information.

2

Christopher objected twice to Ms. Gray's testimony; first, based on relevance, which was overruled, and the second based on hearsay as to conversations between Ms. Gray and Christopher's own therapist, which the trial court sustained. Both Mary and Christopher also testified at the hearing. Following the hearing, the trial court entered an order of protection listing Mary as the "protected person." The trial court specifically noted that the children would not be named as "protected persons" and the court did not restrict Christopher's access to his children, only to the family's home.

On November 6, 2008, Christopher filed a motion for a preliminary injunction seeking an order enjoining Mary from taking the children to therapy with Jean Gray. In his motion, Christopher contends that Jean Gray testified on behalf of Mary on October 8, 2008, without written consent from Christopher about the two meetings in July and August 2008, and about the phone calls, in violation of the Confidentiality Act. Christopher further argues in his motion that Jean Gray continues to treat the minor children despite Christopher's protest, that he is entitled to receive information regarding his children under the Confidentiality Act, and that he "is being denied any information regarding Conor because [Christopher] cannot and will not speak to Jean Gray and Jean Gray will not speak to him." Christopher contends that he has a protectable interest in not having his children in therapy with a therapist that has testified against him, that he has no adequate remedy at law, and that his relationship with his children is being irreparably harmed by the therapy. Mary responds that Christopher did not object on the basis of privilege or assert his privilege, and therefore waived privilege, and is otherwise not entitled to injunctive relief.

On December 3, 2008, the trial court held a hearing on Christopher's motion for a preliminary injunction and found that Christopher failed to present a factual basis for an injunction. The trial court explained during the hearing that Christopher's inability to communicate with Jean Gray, the children's therapist, and her unwillingness to communicate with him has nothing to do with his being denied access and therefore was an insufficient basis for injunctive relief. In the order denying Christopher's motion, the trial court found that at the time of the meetings in July and August 2008, both Christopher and Mary were "recipients" within the meaning of the Confidentiality Act; that by failing to raise an objection based on privilege at the hearing on October 8, 2008, Christopher waived the privilege; and that Christopher failed to carry his burden of proof for the injunctive relief requested because his lack of communication with Jean Gray does not establish a factual basis for the injunctive relief requested.

Christopher filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307 (188 Ill. 2d R. 307), and this appeal followed. For the reasons that follow, we affirm.

ANALYSIS

As a threshold issue, respondent, Mary Lenehan-Slomka, asserts that this court lacks jurisdiction over the arguments Christopher makes regarding waiver of the patient-therapist privilege. Mary accurately states, citing *Northwestern Steel & Wire, Co. v. Industrial Comm'n*, 254 Ill. App. 3d 472, 475 (1993), that Illinois Supreme Court Rule 307 does not authorize the appellate court to "open the door to a general review of all orders entered by the trial court up to the date of the order that is being appealed." However, this court is only reviewing the December

3, 2008, order denying Christopher's motion for a preliminary injunction, in which the trial court specifically finds that Christopher waived his right to privilege by failing to assert it. Moreover, during the December 3, 2008, hearing on the preliminary injunction, the trial court clearly considered Jean Gray's testimony at the prior hearing. This court is not reviewing any prior order of the trial court and is only considering the issue of waiver of privilege as it relates to the propriety of the trial court's denial of Christopher's preliminary injunction.

We first address Christopher's argument that he did not waive privilege under the Confidentiality Act (740 ILCS 110/5 (West 2006)) because the Confidentiality Act mandates a written waiver and a party may not waive confidentiality by failing to object on the grounds of privilege. Christopher contends that it was plain error for the trial court to allow the testimony of Jean Gray because none of the requirements for disclosure of mental health communications under the Confidentiality Act were met. Christopher asserts that he neither signed a written waiver nor placed his mental health in issue.

Section 5 of the Confidentiality Act limits disclosure of confidential records and communications and requires the written consent of the recipient or other person entitled to inspect the recipient's records, except as otherwise provided in the Confidentiality Act. 740 ILCS 110/5 (West 2006). Section 10(a) of the Confidentiality Act, which governs disclosure in legal proceedings, states: "Except as provided herein, in any civil, criminal, administrative, or legislative proceeding, or in any proceeding preliminary thereto, a recipient, and a therapist on behalf and in the interest of a recipient, has the *privilege to refuse to disclose* and to *prevent the disclosure* of the recipient's record or communications." (Emphasis added.) 740 ILCS 110/10(a) (West 2006). Section 10(a)(1) provides in pertinent part: "Records and communications may be

disclosed in a civil, criminal or administrative proceeding in which the recipient introduces his mental condition or any aspect of his services received for such condition as an element of his claim or defense." 740 ILCS 110/10(a)(1) (West 2006). The interpretation of a statute is a question of law that we review *de novo. Wisniewski v. Kownacki*, 221 Ill. 2d 453, 460 (2006).

In the instant case, we agree with the trial court's finding that Christopher was a "recipient" within the meaning of the statute. See 740 ILCS 110/2 (West 2006). The meetings between Christopher, Mary, and Jean Gray were ostensibly to discuss how to address the divorce with their minor children. Parents have an independent right to maintain the confidentiality of conversations they may have had with mental health professionals with regard to their minor children. See *In re Marriage of Semmler*, 90 Ill. App. 3d 649, 654 (1980) (mother was a "recipient" within the meaning of the Confidentiality Act when she consulted with her minor child's therapist for parenting advice). As a "recipient" under the Confidentiality Act, Christopher was entitled to invoke the patient-therapist privilege. 740 ILCS 110/10(a) (West 2006).

The plain language of the statute describes the patient-therapist privilege as the "privilege to refuse to disclose" and to "prevent the disclosure." 740 ILCS 110/10(a) (West 2006). That language contemplates that a person entitled to the privilege must affirmatively assert the privilege or otherwise refuse to disclose the confidential information. Indeed, as this court has previously held, the patient-therapist privilege must be asserted by either the patient or the therapist or it is considered waived. *People v. Smith,* 93 Ill. App. 3d 26, 32 (1981), citing *Rowley v. Rousseau,* 81 Ill. App. 3d 193, 199 (1980); *People v. White,* 131 Ill. App. 2d 652, 655 (1970). In *Smith*, the defendant did not object to the evidence on the basis of privilege and therefore the

court found that the privilege was waived. *Smith*, 93 Ill. App. 3d at 32. The court explained that "[t]he failure to exercise the privilege is not plain error, since to so hold would void the right of a party to voluntarily waive the privilege." *Smith*, 93 Ill. App. 3d at 32. "If there is a disclosure of confidential information by the individual for whose benefit the privilege exists, or if he permits such a disclosure, the privilege is waived and cannot be reasserted." *Novak v. Rathnam*, 106 Ill. 2d 478, 484 (1985).

Despite being entitled to invoke the patient-therapist privilege to maintain the confidentiality of his communications with Jean Gray, Christopher failed to assert the privilege. At no time prior to or during Jean Gray's testimony did Christopher assert his privilege of therapist-patient confidentiality. The only objection to the testimony that Christopher raised was on the basis of relevance. That objection was insufficient to invoke the privilege. Therefore, it was not error for the trial court to find that Christopher had waived the patient-therapist privilege by failing to invoke it. See *Smith*, 93 Ill. App. 3d at 32.

Next, we address Christopher's argument that the trial court erred when it denied his motion for injunctive relief, finding an inadequate factual basis to enjoin Mary from taking the children to Jean Gray for therapy. Christopher contends that his request for injunctive relief should have been granted because his right to make decisions regarding his children, specifically to participate in their mental health care, is a clearly ascertainable right in need of protection; that his relationship with his children will suffer irreparable harm if Jean Gray continues to treat the children; that no monetary damages can compensate for damage to his relationship with his sons or the prevention of his participation in their care; and that he is likely to succeed on the merits of his petition for dissolution of marriage.

A preliminary injunction is an extraordinary remedy that is applicable only to situations where an extreme emergency exists and serious harm would result if it were not issued. *In re Marriage of Centioli*, 335 Ill. App. 3d 650, 654 (2002). A party seeking a preliminary injunction must demonstrate that he: (1) possesses a certain and clearly ascertainable right that needs protection; (2) will suffer irreparable harm without the protection of the injunction; (3) has no adequate remedy at law; and (4) is likely to succeed on the merits of the case. *Centioli*, 335 Ill. App. 3d at 654.

Preliminary injunctions are designed to preserve the status quo pending resolution of the merits of the case. *Postma v. Jack Brown Buick, Inc.,* 157 Ill. 2d 391, 397 (1993). " 'The status quo to be preserved by a preliminary injunction is the last, actual, peaceable, uncontested status which preceded the pending controversy.' " *In re Marriage of Schwartz*, 131 Ill. App. 3d 351, 354 (1985), quoting *Edgewater Construction Co. v. Percy Wilson Mortgage & Finance Corp.,* 44 Ill. App. 3d 220, 228 (1976). This court will not overturn a circuit court's decision regarding a request for a preliminary injunction absent abuse of discretion. *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 371 (2001). "Stated differently, the only question before the court of review is whether there was a sufficient showing to sustain the order of the trial court." *Callis, Papa, Jackstadt & Halloran, P.C. v. Norfolk & Western Railway Co.,* 195 Ill. 2d 356, 366 (2001).

Here, Christopher, as a custodial parent, has the right to determine his children's upbringing, including but not limited to, education, health care, and religious training. See *Troxel v. Granville,* 530 U.S. 57, 66, 147 L. Ed. 2d 49, 57, 120 S. Ct. 2054, 2060 (2000); 750 ILCS 5/608(a) (West 2006). However, Christopher ignores the fact that Mary has equal parental rights pending dissolution of their marriage and a determination of custody. Christopher relies on

*Wickham v. Byrne*, 199 Ill. 2d 309 (2002), to support his position that his rights need to be protected. Yet, his reliance on *Wickham* is misplaced. Although our supreme court in that case found that parental rights are constitutionally protected fundamental rights, the court was considering protection of those rights from incursions by the state. *Wickham*, 199 Ill. 2d at 317. We find no support in *Wickham* for the argument that one custodial parent's choice of medical provider for their child should prevail over the other custodial parent's choice of medical provider, particularly where the fitness of neither custodial parent has even been questioned.

Thus, while Christopher has rights as a custodial parent to participate in decisions related to his children's health care, he has not provided any support for the argument that his rights should prevail over Mary's rights. Moreover, the injunctive relief that Christopher requested would alter the status quo. The minor children in this case have been in therapy with Jean Gray with Christopher's knowledge since February and May 2008, respectively. Preliminary injunctions are improper where they tend to change the status quo of the parties rather than preserve it. *Schwartz*, 131 Ill. App. 3d at 354.

Christopher contends that his relationship with his children may suffer irreparable harm if Ms. Gray is allowed to continue to treat the children. A complaint for a preliminary injunction must plead facts that clearly establish that party's right to injunctive relief. *In re Marriage of Hartney*, 355 Ill. App. 3d 1088, 1089 (2001). In his motion for a preliminary hearing, Christopher provides no factual basis for this assertion. On appeal, he argues that "Ms. Gray's completely antagonistic attitude towards Christopher has caused irreparable harm to Christopher's right to participate in the children's therapy and general care and will continue to do so as the trial court found that Ms. Gray would not even speak to Christopher in a civil

manner." However, allegations of mere opinion, conclusion, or belief are not sufficient to show a need for injunctive relief. *Allstate Amusement Co. of Illinois, Inc. v. Pasinato,* 96 Ill. App. 3d 306, 308 (1981).

A review of the trial court's ruling at the December 3, 2008, hearing shows that the trial court noted that Christopher was excluded from his children's therapy mostly because of Christopher's inability to communicate with Jean Gray. Although the trial court found Ms. Gray to be hostile toward Christopher, it concluded that "[Christopher] is certainly unable to communicate with the children's therapist, but that doesn't give me any basis for an injunction." We likewise find there is no factual basis for the alleged irreparable harm. See *Pasinato*, 96 Ill. App. 3d at 308. Thus, the instant case does not represent the type of extreme emergency situation that poses serious harm. See *Centioli*, 335 Ill. App. 3d at 654.

Christopher asserts that he has no adequate remedy at law because money cannot replace his relationship with his children. This is another unsupported conclusion that is insufficient to demonstrate a need for injunctive relief. See *Pasinato,* 96 Ill. App. 3d at 308. Furthermore, we note that an aggrieved party may sue for damages as result of an alleged violation of the Confidentiality Act. See *Renzi v. Morrison,* 249 Ill. App. 3d 5, 8 (1993); *Martino v. Family Service Agency,* 112 Ill. App. 3d 593, 600 (1982). Christopher states in his motion for a preliminary injunction his intention to file a lawsuit against Jean Gray. Even if monetary damages were available to Christopher through such a cause of action, that does not negate the possibility of injunctive relief. An adequate remedy at law must be "concise, complete, and provide the same practical and efficient resolution as the equitable remedy would provide." *Hough v. Weber,* 202 Ill. App. 3d 674, 687 (1990). Assuming, without deciding, that Christopher

may have an adequate remedy at law for Jean Gray's alleged violation of the Confidentiality Act, damages related to Christopher's relationship with his children would be difficult to quantify. Nonetheless, even if Christopher does not have an adequate remedy at law, he has failed to demonstrate the other requirements for obtaining a preliminary injunction. See *Centioli*, 335 Ill. App. 3d at 654.

In his motion for a preliminary injunction, Christopher makes no mention of his likelihood of success on the merits. In his brief, Christopher argues in a conclusory fashion that he is likely to succeed on the merits of his petition for dissolution of marriage, including his right to parent his children and to participate in their therapy. However, it is not solely his petition for dissolution of marriage on which Christopher must show a likelihood of success on the merits; rather, he must show that he is likely to succeed in obtaining sole custody of the children so that his right to choose the children's health care providers would usurp Mary's equal right to make that decision. See *Dymek v. Nyquist*, 128 Ill. App. 3d 859 (1984) (where a mother did not have custody of the child and took the child to psychotherapy without the knowledge or consent of the father who had sole custody, the psychiatrist had not authority to treat the child); 750 ILCS 5/608(a) (West 2006). Thus, Christopher has not shown that he is likely to succeed on the merits of his claim. See *Pasinato*, 96 Ill. App. 3d at 308.

Based on all of the foregoing, we conclude that the trial court did not abuse its discretion by finding that Christopher failed to meet his burden of proof to show a factual basis for injunctive relief. Therefore, we affirm the trial court's denial of the motion for a preliminary injunction.

Affirmed.

MURPHY, P.J., and STEELE, J., concur.