NO. 4-10-0704          Filed 12/23/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| CLINTON LANDFILL, INC., | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Piatt County |
| MAHOMET VALLEY WATER AUTHORITY, | ) | No. 09CH55 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | John P. Shonkwiler, |
| | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the judgment of the court, with opinion.

Justices Steigmann and Pope concurred in the judgment and opinion.

OPINION

Plaintiff, Clinton Landfill, Inc., is in the process of seeking the necessary permits for a chemical-waste landfill. In July 2010, plaintiff filed a motion for a preliminary injunction against defendant, Mahomet Valley Water Authority. Plaintiff sought to enjoin defendant from contesting or being involved in plaintiff's permitting process on the basis that defendant lacked the authority to do so. The trial court denied plaintiff's motion for a preliminary injunction.

Plaintiff appeals, arguing it established all the requirements for a preliminary injunction. We disagree and affirm. Plaintiff is essentially seeking to bar defendant, a governmental entity, from expressing an opinion to another

governmental entity regarding a matter adverse to its stewardship.  This it cannot do.

## I.  BACKGROUND

Plaintiff operates Clinton Landfill No. 3, which is located in an area known generally as the Mahomet Valley Water District.  Defendant is a water authority established pursuant to the Water Authorities Act (Act) (70 ILCS 3715/1 through 27 (West 2008)).  The Act provides for the incorporation of a contiguous territory as a water authority.  70 ILCS 3715/1 (West 2008).  A water authority is governed by a board of three trustees.  70 ILCS 3715/3 (West 2008).  The Act details the powers of the board, which include inspecting wells, regulating the use of water through a period of actual or threatened shortage, supplementing the water supply, and levying and collecting a general tax.  See 70 ILCS 3715/6 (West 2008).  A water authority also has additional powers with respect to any area acquired for reservoir purposes.  70 ILCS 3715/14 (West 2008).  The board may select "an engineer, an attorney[,] and such other employees as they deem expedient who shall serve during the pleasure of the board."  70 ILCS 3715/4 (West 2008).

At some unspecified time, plaintiff began the process of obtaining permits for a chemical-waste landfill through the Illinois Environmental Protection Agency (IEPA) and the United States Environmental Protection Agency (USEPA).  The chemical-waste landfill would be located within a portion of Clinton Landfill No. 3.

- 2 -

In November 2009, defendant held a special meeting, during which the trustees voted to "become involved in contesting [plaintiff's] permit application" and to retain counsel. In December 2009, counsel for defendant asked the IEPA to extend the deadline for the filing of public comment. In January 2010, counsel for defendant made requests, pursuant to the Freedom of Information Act (5 U.S.C. §552 (2006))), upon the IEPA and USEPA. Defendant also hired a consultant to review data and evaluate whether defendant should participate in plaintiff's pending permit process.

In December 2009, plaintiff filed suit against defendant. In March 2010, after the initial complaint was dismissed, plaintiff filed a first amended complaint against defendant, seeking (1) a declaration that defendant lacked the authority to contest plaintiff's permit applications or be involved in plaintiff's permitting process and (2) a preliminary and permanent injunction barring defendant from contesting plaintiff's permit applications or being involved in plaintiff's permitting process. Plaintiff alleged defendant was a non-home-rule entity that possessed only those powers specifically conveyed by the constitution or by statute. Plaintiff alleged neither the constitution nor the Act vested defendant with the power to expend funds to oppose the chemical-waste landfill or engage in the permitting process. (Plaintiff ultimately conceded defendant had the statutory authority to hire attorneys and engineers.)

- 3 -

Although plaintiff had obtained the IEPA permit in January 2010, the USEPA permitting process was still ongoing. In fact, the IEPA permit specifically noted that plaintiff would be able to accept polychlorinated biphenyl (PCB) wastes if the USEPA "permits the [chemical-waste unit] as a 'chemical waste landfill.'"

In April 2010, plaintiff filed a motion for summary judgment. Plaintiff asserted defendant lacked the authority to oppose the chemical-waste landfill or to engage in the permitting process because, as a non-home-rule entity, defendant only had those powers granted to it by the constitution or by statute. Following a hearing, the trial court denied plaintiff's motion on the basis that questions of fact remained.

On July 13, 2010, plaintiff filed a motion to reconsider the denial of the motion for summary judgment and a motion for a preliminary injunction. In the motion for a preliminary injunction, plaintiff sought to preliminarily enjoin defendant from (1) filing written public comment with the USEPA, although the time for public comment had not yet commenced; (2) offering oral public comment at the as-yet unscheduled USEPA hearing; (3) seeking leave to intervene in the USEPA proceedings; and (4) attempting to appeal an eventual grant of a permit.

Plaintiff alleged it had a right to seek a permit without unlawful interference. Plaintiff also alleged it had no adequate remedy at law and would suffer irreparable harm if defendant participated in the permitting process. Plaintiff

claimed that defendant, as a local governmental unit, might unduly influence the USEPA. Plaintiff asserted it was likely to succeed on the merits and that the benefits of granting the preliminary injunction outweighed any injury to defendant. Plaintiff sought the preliminary injunction until such time as a hearing on the merits of the amended complaint could be heard.

In its response in opposition to the motion for a preliminary injunction, defendant noted that on July 22, 2010, its retained engineer, KPRG and Associates, Inc., submitted a report to the USEPA identifying a number of "serious concerns and failures with [plaintiff's] permit application." Specifically, the report noted that "domestic and municipal water supply wells that produce water from both the glacial sediments and Mahomet Aquifer establish that human[s] are potential receptors of contaminants released from the Clinton Landfill." (At the hearing, the parties agreed that the time for public comment had not yet commenced when defendant submitted the report.) In its response, defendant also argued (1) plaintiff had no right that needed protection; (2) plaintiff would not suffer any harm absent an injunction; (3) plaintiff had an adequate remedy at law, namely the trial; (4) plaintiff was unlikely to succeed on the merits because defendant had the statutory power to submit public comment; and (5) the benefits of denying the preliminary injunction outweighed any injury to plaintiff. Defendant further asserted it was charged with protecting the water quality and the water supply for the Mahomet Valley and was statutorily mandated

- 5 -

to ensure an adequate drinking supply.

On August 19, 2010, the trial court held the hearing on the motion for a preliminary injunction. During the hearing, the court noted defendant had filed a report with the USEPA but agreed with plaintiff, without explanation, that the case was not moot. Also during the hearing, the court expressed concern that plaintiff's request was broad and asked plaintiff about its irreparable harm, noting that plaintiff could mitigate defendant's actions by having its own engineer refute defendant's engineer's report. The court ultimately concluded:

> "Counsel, I just do not see the extreme
> existence of an emergency in this case. So
> on that basis, I know that you don't have to
> prove that you are entitled to the relief you
> seek in this, but I still--the court believes
> that it's such an extraordinary remedy. I
> think what's requested is so broad, that the
> court is going to deny your motion for
> injunctive relief."

This interlocutory appeal followed.

## II. ANALYSIS

This court initially notes that the case was set for trial on November 1, 2010. However, according to the trial court's docket entry, the court, on its own motion, vacated that setting. A new trial date has not been set. See *N B D Highland Park Bank, N.A. v. Wien*, 251 Ill. App. 3d 512, 520, 622 N.E.2d

123, 130 (1993) (court may take judicial notice of public documents). Therefore, the trial on the merits of plaintiff's amended complaint has not yet occurred.

On appeal, plaintiff argues it was entitled to a preliminary injunction because it established all of the requirements for a preliminary injunction. Defendant asserts the claim is not ripe and that plaintiff did not demonstrate the factors required for a preliminary injunction.

### A. Standard of Review Is *De Novo* for Questions of Law and Otherwise Is an Abuse of Discretion

A preliminary injunction preserves the status quo until the merits of the case are decided. *Citadel Investment Group, LLC v. Teza Technologies LLC*, 398 Ill. App. 3d 724, 733, 924 N.E.2d 95, 103 (2010). The remedy is an extraordinary one and should be granted only in situations of extreme emergency or where serious harm would result if the preliminary injunction was not issued. *In re Marriage of Slomka*, 397 Ill. App. 3d 137, 143, 922 N.E.2d 36, 40 (2009). At the preliminary-injunction stage of proceedings, "controverted facts on the merits of the case are not decided." *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 156, 601 N.E.2d 720, 727 (1992).

To obtain a preliminary injunction, the moving party must show "(1) a clearly ascertained right in need of protection, (2) irreparable injury in the absence of an injunction, (3) no adequate remedy at law, and (4) a likelihood of success on the merits of the case." *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62, 866 N.E.2d 85, 91 (2006). The trial court may

- 7 -

also deny a preliminary injunction where the balance of hardships does not favor the moving party. *Bollweg v. Richard Marker Associates, Inc.*, 353 Ill. App. 3d 560, 572, 818 N.E.2d 873, 883 (2004). The party seeking a preliminary injunction must raise a fair question as to each element required to obtain the injunction. See *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164, 177, 781 N.E.2d 223, 230 (2002) ("[o]n appeal, we examine only whether the party seeking the injunction has demonstrated a *prima facie* case that there is a fair question concerning the existence of the claimed rights"), *superceded by statute on other grounds as stated in Dunlap v. Village of Schaumburg*, 394 Ill. App. 3d 629, 639, 915 N.E.2d 890, 899 (2009). "In balancing the equities, the court should also consider the effect of the injunction on the public." *Kalbfleisch v. Columbia Community Unit School District Unit No. 4*, 396 Ill. App. 3d 1105, 1119, 920 N.E.2d 651, 664 (2009).

This court generally reviews a trial court's grant or denial of a preliminary injunction for an abuse of discretion. *Lifetec, Inc. v. Edwards*, 377 Ill. App. 3d 260, 268, 880 N.E.2d 188, 195 (2007). "A trial court abuses its discretion only when its ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would adopt the court's view." *People ex rel. Madigan v. Petco Petroleum Corp.*, 363 Ill. App. 3d 613, 634, 841 N.E.2d 1065, 1082 (2006). Where, however, a court does not make any factual findings and rules on a question of law, our review is *de novo. Mohanty*, 225 Ill. 2d at 63, 866 N.E.2d at 91 (stating

- 8 -

that "whether injunctive relief should issue to enforce a restrictive covenant not to compete in an employment contract depends upon the validity of the covenant, the determination of which is a question of law" and reviewing that determination *de novo*).

### B. Trial Court Did Not Err or Abuse Its Discretion in Denying the Motion for a Preliminary Injunction

The trial court did not err by denying plaintiff's motion for a preliminary injunction. Plaintiff failed to raise a fair question (1) of the likelihood of success on the merits, (2) of a clearly ascertained right in need of protection, (3) of irreparable harm, or (4) that the balance of hardships favored plaintiff.

First, plaintiff did not raise a fair question that plaintiff was likely to succeed on the merits. The parties agree defendant is a non-home-rule unit of local government. As a non-home-rule unit, defendant possesses only those powers "expressly granted, powers incident to those expressly granted, and powers indispensable to the accomplishment of the declared objects and purposes of the municipal corporation." *Pesticide Public Policy Foundation v. Village of Wauconda*, 117 Ill. 2d 107, 112, 510 N.E.2d 858, 861 (1987) (citing *Consumers Co. v. City of Chicago*, 313 Ill. 408, 411-12, 145 N.E.114, 116 (1924), 1 J. Dillon, Municipal Corporations §237 (5th ed. 1911)).

Under the Act, defendant is essentially charged with regulating and maintaining the water supply. See, *e.g.*, 70 ILCS 3715/6 (West 2008) (setting forth the powers of the board,

including inspecting wells; requiring data concerning the supply, withdrawal, and use of water; regulating the use of water during a shortage; and supplementing the existing water supply). The powers incident to doing so necessarily include, among other things, expressing an opinion about activities that may affect the area's water supply. In fact, at oral arguments, counsel for plaintiff conceded finding no authority for bringing such a claim. This is not surprising, given that such claim is without merit.

Second, this court finds, as a matter of law, that plaintiff did not raise a fair question whether it had a clearly ascertainable right to prevent allegedly unauthorized entities from making public comment or otherwise becoming involved in a USEPA permit procedure.

Third, the trial court did not abuse its discretion to the extent it found that plaintiff failed to make a fair showing of irreparable harm. See, *e.g., Kalbfleisch*, 396 Ill. App. 3d at 1116, 920 N.E.2d at 661 (finding the trial court did not abuse its discretion by finding irreparable harm). Some courts have held that irreparable harm exists only where a party has no adequate remedy at law. See, *e.g., Hensley Construction, LLC v. Pulte Home Corp.*, 399 Ill. App. 3d 184, 190, 926 N.E.2d 965, 971 (2010) ("irreparable harm[] 'occurs only where the remedy at law is inadequate'") (quoting *Franz v. Calaco Development Corp.*, 322 Ill. App. 3d 941, 947, 751 N.E.2d 1250, 1256 (2001)). Such approach appears to combine the irreparable-harm factor with the

no-adequate-remedy-at-law factor.

This court concludes that those factors are separate. See, *e.g., Bollweg*, 353 Ill. App. 3d at 577, 818 N.E.2d at 887 (noting a party need not show an injury beyond repair or compensation in damages; transgressions of a continuing nature may also demonstrate irreparable injury). For instance, in *Slomka*, 397 Ill. App. 3d 137, 922 N.E.2d 36, the appellate court examined the irreparable-harm factor and inadequate-remedy-at-law factor separately. In its examination of the irreparable-harm factor, the appellate court found the petitioner failed to allege facts supporting irreparable harm and found the case did not represent the type of extreme emergency situation that posed serious harm. *Slomka*, 397 Ill. App. 3d at 144-45, 922 N.E.2d at 42 (involving father's attempt to obtain a preliminary injunction to bar the mother from taking the children to therapy).

Similarly here, plaintiff alleged only the possibility that defendant, as a unit of government, might unduly influence the USEPA in the permit process. The alleged harm articulated by plaintiff does not represent the type of extreme emergency situation that poses serous harm. "A preliminary injunction is an extraordinary remedy and is generally employed only in matters of great injury, and then only with the utmost care and caution." *Charles P. Young Co. v. Leuser*, 137 Ill. App. 3d 1044, 1052-53, 485 N.E.2d 541, 547 (1985).

Finally, this court concludes the trial court did not abuse its discretion by finding the balance of the hardships did

not favor plaintiff and plaintiff did not make a fair showing of irreparable harm. See, *e.g., Bollweg*, 353 Ill. App. 3d at 572, 818 N.E.2d at 883 (applying the abuse-of-discretion standard where the trial court heard conflicting expert testimony and balanced the benefits of granting the preliminary injunction against the hardship the defendant might suffer as a result); *Kalbfleisch*, 396 Ill. App. 3d at 1116, 920 N.E.2d at 661 (reviewing for an abuse of discretion the trial court's finding on irreparable harm).

The balance of hardships does not favor granting the preliminary injunction. The potential harm of not allowing defendant to participate, if so authorized, outweighs the potential harm to plaintiff if defendant does participate in the permit process. Plaintiff can respond to any issues or information defendant may raise before the USEPA. As the parties noted, the time for public comment has not yet commenced, although defendant had submitted a report to the USEPA. The merits of the case will be decided at trial. Defendant's potential interest in protecting the water supply outweighs plaintiff's interest in preventing a governmental entity from commenting on or becoming involved in plaintiff's permitting process. Moreover, the effect an injunction would have on the public also favors the denial of plaintiff's motion for a preliminary injunction. Consequently, the court did not abuse its discretion by denying the preliminary injunction here.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

_____