**OAK LEAF OUTDOORS, INC., Plaintiff,**

v.

**DOUBLE DRAGON INTERNATIONAL, INC., an Iowa Corporation d/b/a DDI, Inc., Defendant.**

Case No. 11–1175.

United States District Court, C.D. Illinois.

Aug. 8, 2011.

Timothy J. Cassidy, Cassidy & Mueller, Peoria, IL, for Plaintiff Oak Leaf Outdoors, Inc.

Christopher William Madel, Barry M. Landy, Robins Kaplan Miller & Ciresi, Minneapolis, MN, David F. Fanning, H. Patrick Morris, Johnson & Bell Ltd., Chicago, IL, for Defendant Double Dragon International, Inc., an Iowa Corporation d/b/a DDI, Inc.

### ORDER

MICHAEL M. MIHM, District Judge.

Now before the Court is Plaintiff Oak Leaf Outdoors, Inc.'s ("Oak Leaf") Motion to Dismiss/Strike Defendant's Motion for Preliminary Injunction Based on Court's Lack of Authority. For the reasons set forth below, the Motion [# 31] is GRANTED.

### BACKGROUND

Oak Leaf originally filed suit in the Tenth Judicial Circuit Court, Peoria County, Illinois against Defendant Double Dragon International, Inc. ("DDI"), claiming breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose, all under the Illinois Uniform Commercial Code. DDI removed the case to federal court on May 4, 2011. DDI then field a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of Iowa, which was de-

nied on June 20, 2011. On June 1, 2011, DDI filed its Amended Answer and Counterclaims against Oak Leaf, claiming breach of contract, unjust enrichment, promissory estoppel, and injunctive relief.

On July 14, 2011, DDI filed a Motion for Preliminary Injunction in which it sought to have the Court create a constructive trust or escrow for the amount of its counterclaims or, in the alternative, enter an order restricting Oak Leaf from transferring funds before the conclusion of this suit. On July 20, 2011, Oak Leaf filed the instant Motion to Dismiss/Strike Defendant's Motion for Preliminary Injunction Based on Court's Lack of Authority. The parties were present in court for oral argument on July 21, 2011. The Court afforded parties the opportunity to file additional authority to support their position in a text order on July 21, 2011. DDI filed a Memorandum [# 34] to which Oak Leaf responded [# 35]. This Order follows.

## DISCUSSION

The Court indicated to the parties at the start of oral argument on July 21, 2011, that it would first address Oak Leaf's Motion to Dismiss/Strike Defendant's Motion for Preliminary Injunction. The Court did so because, if Oak Leaf was correct that the Court was without authority to enter DDI's requested injunctive relief, it would be unnecessary to argue the merits of the underlying preliminary injunction motion. However, to the extent that DDI defended against the Motion to Dismiss based upon allegations set forth in its Motion for Preliminary Injunction, the Court has considered those allegations.

In its Motion for Preliminary Injunction, DDI requested relief in the form of a constructive trust or escrow for the amount of its counterclaims or, in the alternative, an order freezing Oak Leaf's assets to ensure that DDI would have an adequate remedy at the end of trial. In its

Motion, DDI set forth a detailed history of the relationship between the two parties, including allegations that Oak Leaf still owes DDI approximately $1.8 million, and that Oak Leaf is insolvent under the Illinois Commercial Code (and any other insolvency definition) because it cannot pay its debts as they become due. At oral argument, the Court asked DDI what, exactly, DDI would want the order granting injunctive relief to provide. DDI explained that what would be ordered is an escrow for $1.8 million owed DDI under its contract, or whatever amount of money that is available.

In its Motion to Dismiss/Strike Defendant's Motion for Preliminary Injunction, Oak Leaf first denies that it is insolvent and says that even assuming it is, the Court has no authority to issue the preliminary injunction given Federal Rule of Civil Procedure 64 and relevant case law. Federal Rule of Civil Procedure 64 provides:

(a) Remedies Under State Law—In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

(b) Specific Kinds of Remedies. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:

• arrest;

• attachment;

• garnishment;

• replevin;

• sequestration; and

• other corresponding or equivalent remedies.

FED.R.CIV.P. 64. Oak Leaf argues that in this case, under Rule 64, no federal statute applies and Illinois law provides that in an action seeking a money judgment DDI's requested equitable attachment is not available. Both in its pleadings on the Motion to Dismiss/Strike and during oral argument, Oak Leaf primarily relies upon a United States Supreme Court to support its position.

In *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* the Supreme Court considered the issue of whether a United States District Court, in an action for money damages, has the power to issue a preliminary injunction to prevent the defendant from transferring assets in which no lien or equitable interest is claimed. 527 U.S. 308, 310, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999). In that case, the respondents filed suit against Grupo Mexicano for the amount due on unsecured, guaranteed notes purchased by the respondents, and alleged that Grupo Mexicano was at risk of insolvency, if not insolvent already. *Id.* at 310, 312, 119 S.Ct. 1961. The district court in that case entered a preliminary injunction, finding that: Grupo Mexicano was at risk of insolvency, if not already insolvent; that given such a financial condition and dissipation of assets, any judgment obtained by the respondents would be frustrated; and irreparable injury was demonstrated. *Id.* at 312, 119 S.Ct. 1961. Grupo Mexicano was preliminarily enjoined from "dissipating, disbursing, transferring, conveying, encumbering or otherwise distributing or affecting any [petitioners'] right to, interest in, title to or right to receive or retain, any of the [notes]." *Id.* at 312–13, 119 S.Ct. 1961. The Supreme Court considered the district court's authority to enter the preliminary injunction pursuant to Federal Rule of Civil Procedure 65. *Id.* at 318, 119 S.Ct. 1961; *see also* FED.R.CIV.P. 65 (providing the remedies of preliminary injunc-

tion and temporary restraining order and matters related to those remedies).

The Supreme Court considered the equity jurisdiction of the federal courts and so in order to answer the ultimate issue in the case, questioned whether the relief requested by the respondents was traditionally allowed by the courts of equity. *Id.* at 318–19, 119 S.Ct. 1961. The Supreme Court went on to consider the traditional principles of equity and cases cited by the respondents in support of its injunction. *Id.* at 319–29, 119 S.Ct. 1961. The Court stated, "The preliminary relief available in a suit seeking equitable relief has nothing to do with the preliminary relief available in a creditor's bill seeking equitable assistance in the collection of a legal debt." *Id.* at 325, 119 S.Ct. 1961. The Court considered other arguments against issuing the injunction granted in the case, and explained that other factors "[gave it] pause" such as that the remedy sought "could render Federal Rule of Civil Procedure 64 … a virtual irrelevance." *Id.* at 330, 119 S.Ct. 1961. The Court ultimately held that the remedy granted the respondents was historically unavailable from a court of equity, and so the district court had no authority to issue a preliminary injunction preventing the petitioners from disposing of their assets pending adjudication of the respondents' contract claim for money damages. *Id.* at 333, 119 S.Ct. 1961.

Oak Leaf further relies upon the Illinois Appellate Court decision in *Franz v. Calaco Development Corp.,* in support of its Motion to Dismiss/Strike. In that case, the plaintiff filed a motion for preliminary injunction to prohibit the defendants from selling some real estate. 322 Ill.App.3d 941, 256 Ill.Dec. 413, 751 N.E.2d 1250, 1253 (2001). The underlying action in that case was one for breach of contract and breach of fiduciary duty. *Id.* at 942, 256

Ill.Dec. 413, 751 N.E.2d 1250. The defendants argued that given the nature of the underlying action, the trial court's grant of a preliminary injunction in the plaintiff's favor amounted to a prejudgment attachment, and that the plaintiff failed to establish requisite elements for injunctive relief. *Id.* at 947, 256 Ill.Dec. 413, 751 N.E.2d 1250. The *Franz* court discussed the remedy of attachment under Illinois law and stated that, "The law does not provide for a process of equitable attachment. Taking away the control of property by means of an injunction for the purpose of anticipating a judgment is abhorrent to the principles of equitable jurisdiction ... The only exception is when the claimant has an interest in specific funds held by the debtor." *Id.* (citing *Carriage Way Apartments v. Pojman,* 172 Ill.App.3d 827, 122 Ill.Dec. 717, 527 N.E.2d 89 (1988)). The *Franz* court emphasized that the only evidence of harm to the plaintiff was lost profit and monetary loss, and that the complaint alleged financial injury to the plaintiff. Thus, injunctive relief was inappropriate and resembled a prejudgment attachment because the only relief requested was monetary. *Id.* at 948, 256 Ill.Dec. 413, 751 N.E.2d 1250.

In its Memorandum in Opposition to Oak Leaf's Motion to Dismiss/Strike, DDI asserts that this Court does have jurisdiction to enter a preliminary injunction under Federal Rule of Civil Procedure 65 and the general equitable powers of the court. To the extent that Oak Leaf bases its Motion to Dismiss/Strike on its assertion that DDI did not allege any equitable claims, DDI counters that it has actually alleged three equitable claims in its counterclaim: promissory estoppel, unjust enrichment, and a claim for injunctive relief in the form of a constructive trust and escrow account. Thus, DDI argues, *Grupo Mexicano* is not applicable, and Federal Rule of Civil Procedure 64 poses no problem under Illinois law as to prejudgment attachment because DDI requests both monetary and equitable relief.

In its Reply to DDI's Opposition to the Motion to Dismiss/Strike, Oak Leaf argues that while DDI alleges claims of promissory estoppel and unjust enrichment, DDI is not seeking equitable relief or an equitable remedy in any of the property or assets that are the subject of the Motion for Preliminary Injunction. Oak Leaf further elaborated at oral argument that because there is no nexus between the relief sought by DDI in its Counterclaim and the property it is seeking to enjoin, the requested injunction cannot be ordered. *See U.S. ex rel. Rahman v. Oncology Assocs.,* 198 F.3d 489, 497 (4th Cir.1999) (discussing *Grupo Mexicano's* holding and stating that "[The] nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit is essential to the authority of a District Court in equity to enter a preliminary injunction freezing assets").

Having considered the parties' pleadings and arguments made in Court on July 21, 2011 and in their subsequent Memorandums, the Court finds that it does not have authority to issue the requested injunctive relief, and so Oak Leaf's Motion to Dismiss/Strike Defendant's Motion for Preliminary Injunction must be granted. As *Grupo Mexicano* makes clear, this Court does not have the authority to issue a preliminary injunction preventing Oak Leaf from disposing of its assets—in the form of a constructive trust, escrow, asset freeze, or some other similar relief—pending adjudication of DDI's contract claim for money damages. DDI has failed to persuade the Court that it is pursuing equitable claims for relief as well as a legal claim for breach of contract. Its "equitable claims" of promissory estoppel, unjust enrichment, and claim for injunctive relief all derive from the same occurrence, name-

ly, a breach of contract. In each of those claims, DDI seeks "in no event less than the sum of $2,000,000," which represents the cost of goods that Oak Leaf ordered and for which it allegedly did not pay DDI. When directly asked by the Court at oral argument whether DDI was requesting that it be given back the products it manufactured for Oak Leaf (which remain in Oak Leaf's possession), DDI responded that it was asking to be compensated for the products and did not want the actual products back. All of these facts make clear that DDI is simply seeking a monetary remedy for breach of contract, rather than a true equitable remedy in this lawsuit.

To illustrate, the circumstances of DDI's counterclaim are analogous to the circumstances of the sale of a bicycle from one individual to another. Under those circumstances, one party agrees to sell the bicycle to the other, and the other agrees to pay the party the agreed purchase price. Assume one party properly delivers the bicycle, but the other only makes partial payment. Would this scenario also support claims of any unjust enrichment? No. That is a straightforward breach of contract situation in which the available remedy is money damages.

DDI's reliance upon *American Hospital Supply Corp. v. Hospital Products Ltd.* is unavailing. In that case, the Seventh Circuit reviewed the grant of a preliminary injunction which forbade the defendant to take any action in derogation of the plaintiff's contract rights pending the outcome of trial. 780 F.2d 589, 592–93 (7th Cir. 1986). The plaintiff's claim was one for breach of contract, and the defendant was insolvent at the time the district court granted the preliminary injunction. *Id.* at 592, 596. The reason that *American Hospital Supply Corp.* is unavailing is because the Seventh Circuit was not called upon to address the issue before this Court—

whether a district court has the authority to enter a preliminary injunction when the requesting party seeks only money damages for breach of contract. DDI argues that what makes injunctive relief appropriate under the circumstances of this case is that Oak Leaf is insolvent. Indeed, the Seventh Circuit in *American Hospital Supply Corp.* emphasized the enjoined defendant's insolvency. But the court did so in discussing the elements of a preliminary injunction, specifically the threat of irreparable harm to the party seeking the injunction if it were not granted. *Id.* at 596. The Court also notes that this Seventh Circuit case pre-dates *Grupo Mexicano*.

Finally, the Court believes that it would not be in accordance with sound policy to grant a preliminary injunction under circumstances as are currently before the Court. It is almost a certainty that freezing the assets of an allegedly already insolvent company, pending adjudication of a lawsuit in which it is a party, would lead to the swift and complete failure of that company. Such an outcome would put the parties into an even more precarious position than they may have sought to avoid with the grant of injunctive relief initially.

The Court also carefully considered the additional authority presented by DDI in its Memorandum. The Court specifically finds that each of the cases referenced by DDI is factually distinguishable from the present case. Two different cases, *Lorillard Tobacco Co. v. Montrose Wholesale Candies* and *Animale Group, Inc. v. Sunny's Perfume, Inc.*, were brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, which specifically provides for injunctive relief. 2005 WL 3115892 at *1 (N.D.Ill. 2005); 256 Fed.Appx. 707, 707 (5th Cir. 2007). Another case relied upon by DDI, *CSC Holdings, Inc. v. Redisi,* was brought under the Cable Communications Policy Act and involved the issue of cable theft.

309 F.3d 988, 988 (7th Cir.2002). Finally, two separate cases involved claims of fiduciary duty and either criminal conversion or fraud. *Travelers Casualty and Surety Co. v. Wells Fargo Bank,* 2009 WL 4881079 (N.D.Ind.2009); *Concheck v. Barcroft,* 2010 WL 4117480 (S.D.Ohio 2010). None of these cases is comparable to the case before this Court, which arises from a breach of contract claim and does not involve an Act specifically providing for equitable relief. Furthermore, there is no indication that this case involves a claim of theft, breach of fiduciary duty, fraud, or criminal conversion.

The parties' briefs, oral arguments, and citation to additional authority all direct the Court to the conclusion that it cannot grant Oak Leaf's request for a preliminary injunction. Specifically, given the fact that Oak Leaf ultimately seeks only money damages arising from an alleged breach of contract, and given the Supreme Court's holding in *Grupo Mexicano,* the Court finds that it is without authority to grant DDI's request for a preliminary injunction to create a constructive trust or escrow for the amount of its counterclaims or otherwise impose an asset freeze against Oak Leaf. The Court notes that at the end of oral argument on July 21, 2011, it did acknowledge that DDI has brought legitimate concerns in its Motion for Preliminary Injunction. As a result, the Court will supervise the case so that there will be expedited discovery, pretrial procedure, and a trial on the merits.

## CONCLUSION

For the reasons set forth above, Oak Leaf's Motion to Dismiss/Strike Defendant's Motion for Preliminary Injunction Based on Court's Lack of Authority [# 31] is GRANTED.

The Court directs the Clerk's Office to set a status hearing in this case at the earliest opportunity.