NOTICE

Decision filed 07/10/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 140583

NO. 5-14-0583

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MARIE SMITH, MARK DONHAM, VITO MASTRANGELO, SAM STEARNS, TABITHA TRIPP, NATHAN CZUBA, ANNETTE McMICHAEL, and SOUTHERN ILLINOISANS AGAINST FRACTURING OUR ENVIRONMENT (SAFE), an Illinois Not-for-Profit Corporation, | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 14-CH-711 |
| THE DEPARTMENT OF NATURAL RESOURCES, an Illinois State Agency, MARC MILLER, Director of Natural Resources, PAT QUINN, Governor of the State of Illinois, and JESSE WHITE, Secretary of State of the State of Illinois, | ) ) ) ) ) ) | |
| | ) | Honorable |
| | ) | Barbara L. Crowder, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court, with opinion.
Justices Schwarm and Moore concurred in the judgment and opinion.

## OPINION

¶ 1    The plaintiffs, Marie Smith, Mark Donham, Vito Mastrangelo, Sam Stearns, Tabitha Tripp, Nathan Czuba, Annette McMichael, and Southern Illinoisans Against Fracturing Our Environment (SAFE), sought a preliminary injunction to prevent the

1

implementation of the rules adopted by the defendant, the Illinois Department of Natural Resources (IDNR), under the Hydraulic Fracturing Regulatory Act (Hydraulic Fracturing Act or Act) (225 ILCS 732/1-1 *et seq.* (West Supp. 2013)). The circuit court of Madison County entered an order denying the complaint for preliminary relief. For the reasons which follow, we affirm the decision of the circuit court.

¶ 2 The plaintiffs are individual landowners from various counties in Illinois as well as SAFE, an Illinois not-for-profit corporation with its registered office in Johnson County, Illinois. The plaintiff landowners anticipate that hydraulic fracturing will occur in their locales. Most of the plaintiff landowners own the mineral rights in their land.

¶ 3 Fracking is an oil and/or gas operation that uses vertical and horizontal wellbores together with large amounts of water, chemical additives, pressure, and explosive charges to reach and extract oil and gas from underground. The Hydraulic Fracturing Act applies to all wells in which high-volume horizontal hydraulic fracturing operations are planned, have occurred, or are occurring in Illinois. 225 ILCS 732/1-20 (West Supp. 2013). The Act was signed into law on June 17, 2013. Section 1-130 of the Hydraulic Fracturing Act (225 ILCS 732/1-130 (West Supp. 2013)) grants the IDNR the authority to adopt rules that may be necessary to accomplish the purposes of the Act.

¶ 4 On November 15, 2013, the IDNR published its first notice of its proposed rules for the Hydraulic Fracturing Act pursuant to the general rulemaking provisions of the Illinois Administrative Procedure Act (Administrative Procedure Act) (5 ILCS 100/5-40 (West 2012)) and scheduled two public hearings, the first for November 26, 2013, in Chicago, and the second for December 3, 2013, in Ina. After receiving requests for

2

further public hearings, the IDNR scheduled three additional hearings as follows: December 5, 2013, in Effingham; December 17, 2013, in Decatur; and December 19, 2013, in Carbondale. The Effingham hearing was thereafter rescheduled for December 16, 2013.

¶ 5    Following the public hearings and the receipt of 38,000 public comments and 43,000 pages of written comments, the IDNR submitted its revised proposed rules to the Joint Committee on Administrative Rules (JCAR), which is a legislative committee that has authority over the adoption of rules. The submission of the revised proposed rules to JCAR commenced the second notice period pursuant to section 5-40(c) of the Administrative Procedure Act (5 ILCS 100/5-40(c) (West 2012)). As part of the second notice period, the IDNR published its response to the public comments. Attached to the revised proposed rules was a listing of over 200 sources that the IDNR reviewed in order to prepare the revised proposed rules.

¶ 6    The second notice period was set to expire by default 45 days after it had commenced. On September 16, 2014, JCAR voted to extend the second notice for another 45 days. On November 6, 2014, JCAR voted to adopt the proposed rules. On November 10, 2014, the plaintiffs filed a nine-count "complaint for declaratory judgment and preliminary and permanent injunction."

¶ 7    According to the complaint, the IDNR administrative regulations were invalid as the IDNR had failed to comply with the required statutory rulemaking procedures in the following manner: (1) the IDNR did not include a summary of the proposed rules in its regulatory agenda prior to the first notice period in violation of section 5-60 of the

Administrative Procedure Act (5 ILCS 100/5-60 (West 2012)) and failed to state its reason in writing for not doing so, along with the facts that form the basis for that reason; (2) the IDNR failed to comply with section 5-40(b) of the Administrative Procedure Act (5 ILCS 100/5-40(b) (West 2012)) by not giving sufficient notice of the public hearings; (3) the IDNR failed to make available an agency representative to respond to general questions from the public regarding the agency's proposal and the rulemaking process in violation of section 5-40(b) of the Administrative Procedure Act (5 ILCS 100/5-40(b) (West 2012)); (4) the IDNR violated section 5-40 of the Administrative Procedure Act (5 ILCS 100/5-40 (West 2012)) by denying some citizens admittance to the public hearings, by not allowing some citizens to speak during the hearings, and by setting a predetermined time allotment of two hours at the hearings; (5) the IDNR failed to disclose, in its first notice, any published studies, published reports, or underlying data that was used in drafting the proposed rules or failed to use any published studies, published reports, or underlying data in drafting the proposed rules; (6) the IDNR provided false statements in its first notice when it indicated that other documents were not incorporated into the rules by reference, in violation of section 5-75 of the Administrative Procedure Act (5 ILCS 100/5-75 (West 2012)) and when it indicated that the rulemaking did not affect units of local government; (7) the IDNR violated the "spirit and purpose" of the Administrative Procedure Act by not publishing the transcript of the public hearings on its website until August 29, 2014; (8) the IDNR's cumulative violations of the Administrative Procedure Act deprived the plaintiffs of their rights under the Administrative Procedure Act; and (9) the IDNR violated section 1-97 of the

4

Hydraulic Fracturing Act (225 ILCS 732/1-97 (West Supp. 2013)) by failing to submit a statutorily required report to the General Assembly by February 1, 2014.

¶ 8    Also, on November 10, 2014, the plaintiffs filed a motion for preliminary relief, seeking a preliminary injunction to enjoin the defendants from adopting and filing the administrative regulations approved by JCAR and to prohibit the Secretary of State from publishing them. The motion alleged that the rules were "incomplete, inadequate, and invalidly enacted" and, as such, would cause "irreparable harm to the Plaintiffs and other members of the public who were deprived of an adequate opportunity to participate in the development of the proposed rules as required under [the Act]."

¶ 9    The motion further alleged that the plaintiffs had no other adequate remedy under the law or in equity to correct the deficiencies with the rulemaking, and that they would suffer harm to their rights as Illinois citizens and landowners unless the defendants were prohibited from publishing the rules. Accordingly, the motion requested the following relief: (1) a finding that the IDNR failed to comply with multiple mandatory statutory rulemaking procedure requirements under the Administrative Procedure Act, which rendered the rules invalid; (2) the entry of an order prohibiting the IDNR from adopting or filing the regulations; and (3) the entry of an order prohibiting the Secretary of State from publishing the regulations.

¶ 10    Thereafter, on November 14, 2014, the IDNR filed the adopted rules with the Secretary of State pursuant to section 5-65 of the Administrative Procedure Act (5 ILCS 100/5-65 (West 2012)). The rules became effective when they were filed with the Secretary of State. 5 ILCS 100/5-40(d) (West 2012).

5

¶ 11    On November 18, 2014, the defendants filed an objection to the plaintiffs' motion for preliminary relief, arguing that the plaintiffs' request to enjoin adoption and filing of the regulations was moot because the rules had been filed with the Secretary of State on November 14, 2014, and had become effective on that date.  The objection further argued that the plaintiffs failed to demonstrate irreparable harm as required to obtain a preliminary injunction in that they offered "nothing more than conclusory allegations that they [would] suffer irreparable harm."  Specifically, the objection argued that the plaintiffs' argument with regard to irreparable harm was "based entirely on speculation" in that the plaintiffs had not alleged any of the following facts: "that anyone has applied or will apply for a permit to conduct horizontal high volume hydraulic fracturing on or near any property" owned by them; that such an application for a permit would be granted; and that even if such a permit existed, imminent harm would result to them or their property.  The objection argued that the plaintiffs failed to set forth "any basis to conclude that the mere enactment of rules setting forth standards and procedures for permitting and regulating hydraulic fracturing *** [would] cause *any* harm to [them], let alone irreparable harm."  (Emphasis in original.)

¶ 12    Furthermore, the objection argued that the plaintiffs failed to demonstrate an inadequate remedy at law and that there was a likelihood of success on the merits.  The objection noted that section 1-50 of the Act (225 ILCS 732/1-50 (West Supp. 2013)) allowed any person having an interest that is or may be adversely affected by a hydraulic fracturing permit application to request a public hearing.  The objection further noted that decisions on permit applications were subject to judicial review under the Administrative

6

Review Law (225 ILCS 732/1-53(d) (West Supp. 2013)). Therefore, the objection argued that the plaintiffs failed to demonstrate that this procedure was inadequate to address any alleged harms that they may suffer. With regard to the likelihood of the success on the merits, the objection argued that the plaintiffs failed to demonstrate that the IDNR violated the Administrative Procedure Act during the rulemaking process.

¶ 13 On November 18, 2014, a hearing was held on the plaintiffs' motion for preliminary relief. At the hearing, the trial court accepted the facts pled in the complaint as true for the purposes of the hearing. The court did not allow the presentation of witnesses or affidavits and just accepted arguments of counsel. After hearing arguments, the court took the matter under advisement.

¶ 14 On November 21, 2014, the trial court entered a written order denying the plaintiffs' motion for preliminary relief. In its order, the court noted that the plaintiffs had clearly stated that the request for the preliminary injunction was based solely on their allegations "that mandatory procedural requirements governing how an agency adopts rules were violated." The court concluded that it was "unable to determine whether the IDNR allowed reasonable participation in a preliminary injunction hearing." The court concluded that it was not clear, without discovery and further briefing, whether the IDNR violated the Administrative Procedure Act during the rulemaking procedure.

¶ 15 Further, the trial court noted that the plaintiffs must establish the following elements in order to be entitled to a preliminary injunction: they possess a clear right or interest needing protection; they have no adequate remedy at law; irreparable harm will result if the preliminary injunction is not granted; and there is a reasonable likelihood of

success on the merits. With regard to the first element, clear right or interest in need of protection, the court noted that the plaintiffs are citizens of Illinois and therefore have an interest in having the government comply with the applicable law. The court also noted that the plaintiffs include landowners, mineral interest owners, and members of communities where high-volume horizontal hydraulic fracturing would be permitted under the rules. Accordingly, the court found that the plaintiffs have a clearly ascertainable right.

¶ 16 As for the likelihood of success on the merits, the court noted that the plaintiffs had alleged multiple violations by the IDNR in its rulemaking procedures. The court then noted that the plaintiffs are not required to prove that they will win in order to meet this element. Instead, they need only raise a fair question as to the likelihood of their success on the merits.

¶ 17 With regard to irreparable harm, the court stated as follows:

"Plaintiffs failed to establish that they will suffer irreparable harm if the Secretary of State publishes the adopted rules. IDNR through JCAR adopted the rules. The rules will allow applications to be filed. Facts must be alleged with certainty as to what harm the plaintiffs will incur. Conclusory allegations that some of the plaintiffs have land near some areas where someone may file an application for a permit do not state irreparable harm. No applications have been filed, let alone granted. Plaintiffs have not established imminent harm or irreparable injury will occur simply by the publishing of the rules."

¶ 18 Accordingly, the trial court concluded that the plaintiffs had not met their burden

of proof regarding irreparable injury and therefore it could not grant the preliminary injunction. The plaintiffs appeal.

¶ 19   Initially, the defendants argue that the plaintiffs' requested interlocutory relief is moot in that the relief requested in their motion for preliminary injunction, to prohibit the IDNR from adopting or filing the revised regulations and to prohibit the Secretary of State from publishing the regulations, has already occurred. The plaintiffs concede that the regulations were adopted and published after their motion for preliminary relief was filed. The defendants note that the plaintiffs are now asking this court in their appellate brief (1) to enter injunctive relief that prohibits the use of the regulations until a decision on the merits can be made and (2) to direct the defendants to publish a notice in the Illinois Register that the regulations have been enjoined. The defendants argue that this relief was not requested in the trial court, and therefore, has been forfeited.

¶ 20   The plaintiffs counter that their requested relief was not "so limited" as their motion also requested that the trial court find that the IDNR had failed to comply with mandatory rulemaking procedures and that the plaintiffs had shown the requisite elements for the issuance of a preliminary injunction. In support of this position, the plaintiffs point out that during the hearing, the defendants' counsel advised that the rules had been filed by the IDNR and the plaintiffs noted that there were still several levels of remedies available. The plaintiffs also argue that they have made it clear that "prohibition of the use of the invalid rules" was the goal of the motion for preliminary injunction and the lawsuit. After reviewing the record, we agree with the plaintiffs and will address the issue of whether the plaintiffs have raised a fair question as to the

9

requisite elements for the issuance of a preliminary injunction.

¶ 21    The purpose of a preliminary injunction is to preserve the status quo until the merits of the case are decided. *City of Kankakee v. Department of Revenue*, 2013 IL App (3d) 120599, ¶ 17. A preliminary injunction is an extraordinary remedy that is applicable only in extreme emergency situations where serious harm would result if not issued. *Id.* To establish entitlement to a preliminary injunction, the plaintiff must demonstrate the following: (1) a clearly ascertainable right in need of protection; (2) that they will suffer irreparable harm if the injunction does not issue; (3) no adequate remedy at law for the injury; and (4) the likelihood of success on the merits. *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164, 177 (2002). The party seeking the injunction must raise a fair question concerning the existence of the claimed right, *i.e.*, a fair question as to the existence of each element. *Clinton Landfill, Inc. v. Mahomet Valley Water Authority*, 406 Ill. App. 3d 374, 378 (2010).

¶ 22    At the preliminary injunction stage, the trial court should not consider contested issues of fact, nor should it decide the merits of the case. *Harper v. Missouri Pacific R.R. Co.*, 264 Ill. App. 3d 238, 249 (1994). In general, an abuse of discretion standard of review applies to the trial court's decision to grant or deny a preliminary injunction. *Clinton Landfill*, 406 Ill. App. 3d at 378. A trial court abuses its discretion where its ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the court's view. *World Painting Co. v. Costigan*, 2012 IL App (4th) 110869, ¶ 12. The relevant question for the reviewing court is whether there was a sufficient showing made to the circuit court to sustain its order. *Scheffel Financial Services, Inc. v. Heil*, 2014 IL

App (5th) 130600, ¶ 9.

¶ 23    However, where the trial court does not make any factual findings and instead rules on a question of law, the standard of review is *de novo*. *Clinton Landfill*, 406 Ill. App. 3d at 378. Furthermore, where an answer is not filed, an injunction must be measured by the sufficiency of the complaint and all well-pleaded facts are to be taken as true. *McErlean v. Harvey Area Community Organization*, 9 Ill. App. 3d 527, 529 (1972).

¶ 24    The plaintiffs first argue that the irreparable-harm element for the issuance of a preliminary injunction should be presumed where the defendants failed to follow the Administrative Procedure Act during the rulemaking process. The plaintiffs ask this court to hold that "when the mandatory rulemaking provisions are violated, rendering the rulemaking invalid, the result is irreparable harm to Illinois citizens, specifically, in this case to the [p]laintiffs." In support of their position, they cite *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 277 (2003), which states that where an injunction is sought by the State or a governmental agency pursuant to express authorization of a statute, the requisite elements necessary to obtain an injunction need not be satisfied. Instead, the State or agency seeking the injunction only need to show that the statute was violated and that the statute relied upon specifically allows for injunctive relief. *Id.* "The principle underlying the willingness of the courts to issue statutory injunctions to public bodies to restrain violations of a statute is that harm to the public at large can be presumed from the statutory violation alone." *People ex rel. Hartigan v. Stianos*, 131 Ill. App. 3d 575, 580 (1985).

¶ 25    In response, the defendants argue that irreparable harm should not be presumed in

11

this case. The defendants note that the plaintiffs are not government agencies seeking to enjoin a statutory violation nor does the Hydraulic Fracturing Act or the Administrative Procedure Act expressly authorize actions to enjoin statutory violations. The defendants acknowledge that the Administrative Procedure Act does expressly authorize challenges to the adoption of regulations under section 5-35(b) of the Administrative Procedure Act (5 ILCS 100/5-35(b) (West 2012)), but argue that the provision does not expressly authorize actions to enjoin statutory violations. Accordingly, the defendants argue that the rule set forth in *Sherman* is inapplicable to the present case, which was brought by private parties to enjoin violations of statutes that do not expressly provide for such actions.

¶ 26    After carefully reviewing the case law, we decline to extend the rule set forth in *Sherman* to the present action. As noted by the defendants, the plaintiffs are private parties, not the State or a government agency, seeking to enjoin alleged violations of the Administrative Procedure Act, which does not expressly provide for injunctive relief for statutory violations. Section 5-35(b) of the Administrative Procedure Act (5 ILCS 100/5-35(b) (West 2012)) does expressly authorize challenges to the adoption of regulations on the ground of noncompliance with the procedural requirements; however, this provision does not explicitly provide for injunctive relief where the Administrative Procedure Act has been violated. Accordingly, we will not extend the rule set forth in *Sherman* to this case and, therefore, the plaintiffs' motion must establish a fair question as to the existence of each element.

¶ 27    Because we conclude that the plaintiffs have failed to establish a fair question as to

12

the existence of irreparable harm, we will not address the remaining elements necessary to obtain a preliminary injunction. See *Smith Oil Corp. v. Viking Chemical Co.*, 127 Ill. App. 3d 423, 431-32 (1984) (where the party seeking the injunction has failed to establish a fair question as to the existence of irreparable harm, the issuance of an injunction is not warranted). As previously explained, an injunction is only authorized where the party seeking it has raised a fair question that, among the other requirements, he will suffer irreparable harm without the granting of the injunction. *Smith Oil Corp. v. Viking Chemical Co.*, 127 Ill. App. 3d 423, 431 (1984). An alleged injury is irreparable where it is of such nature that the injured party cannot be adequately compensated in damages or when the damages cannot be measured by any certain pecuniary standard. *Kalbfleisch v. Columbia Community Unit School District Unit No. 4*, 396 Ill. App. 3d 1105, 1116 (2009). "The requirement of the showing of imminent injury is not satisfied by proof of a speculative possibility of injury and such relief will not be granted to allay unfounded fears or misapprehensions." (Internal quotation marks omitted.) *Smith Oil Corp.*, 127 Ill. App. 3d at 431.

¶ 28 The plaintiffs argue that they have established a fair question as to irreparable harm in that they "lack *** any opportunity to remedy the deficient, invalid rulemaking before the rules are applied." The plaintiffs argue that the invalid rules will trigger the permit application process under the Hydraulic Fracturing Act, which will result in the approval of invalid permits for high-volume horizontal hydraulic fracturing operations on, under, or near their property. Specifically, they argue that the irreparable harm is the use of the invalid rules during the pendency of the litigation. The defendants counter that

the plaintiffs have only offered "conclusory and speculative allegations advancing generalized grievances that fall far short of the required showing of immediate and irreparable harm specific to them."

¶ 29   Here, the trial court did not allow the presentation of witnesses or affidavits and instead relied on the arguments of counsel in making its decision.   After hearing arguments of counsel, the court concluded that the plaintiffs had failed to establish that they will suffer irreparable harm if a preliminary injunction was not issued.   The court noted that in order to establish irreparable harm, facts must be alleged with certainty as to what harm the plaintiffs will incur.   The court concluded that "[c]onclusory allegations that some of the plaintiffs have land near some areas where someone may file an application for a permit do not state irreparable harm."   The court noted that no applications have been filed, let alone granted.

¶ 30   We agree with the trial court that the plaintiffs have not established a fair question that they will suffer an imminent, cognizable harm as a result of the use of the allegedly invalid rules during the pendency of the litigation.   The plaintiffs' claims are too speculative to justify the extraordinary relief afforded by the issuance of a preliminary injunction.   Therefore, we conclude that the plaintiffs have failed to raise a fair question as to the existence of irreparable harm.

¶ 31   For the foregoing reasons, we affirm the judgment of the circuit court of Madison County.

¶ 32   Affirmed.

2015 IL App (5th) 140583

NO. 5-14-0583

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MARIE SMITH, MARK DONHAM, VITO MASTRANGELO, | ) | Appeal from the |
| SAM STEARNS, TABITHA TRIPP, NATHAN CZUBA, | ) | Circuit Court of |
| ANNETTE McMICHAEL, and SOUTHERN ILLINOISANS | ) | Madison County. |
| AGAINST FRACTURING OUR ENVIRONMENT (SAFE), | ) | |
| an Illinois Not-for-Profit Corporation, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 14-CH-711 |
| | ) | |
| THE DEPARTMENT OF NATURAL RESOURCES, | ) | |
| an Illinois State Agency, MARC MILLER, Director of | ) | |
| Natural Resources, PAT QUINN, Governor of the State of | ) | |
| Illinois, and JESSE WHITE, Secretary of State of the State | ) | |
| of Illinois, | ) | Honorable |
| | ) | Barbara L. Crowder, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

**Opinion Filed:** July 10, 2015

_____

**Justices:** Honorable Thomas M. Welch, J.

Honorable S. Gene Schwarm, J., and
Honorable James R. Moore, J.,
Concur

_____

**Attorneys** Penni S. Livingston, Livingston Law Firm, 5701 Perrin Road, Fairview Heights,
**for** IL 62208; Natalie Laczek, P.O. Box 232, Riverside, IL 60546; Vito A.
**Appellants** Mastrangelo, P.O. Box 1253, Mt. Vernon, IL 62864

_____

**Attorneys** Lisa Madigan, Attorney General, State of Illinois, Carolyn E. Shapiro, Solicitor
**for** General, Brett E. Legner, Deputy Solicitor General, 100 West Randolph Street,
**Appellees** 12th Floor, Chicago, IL 60601

_____