**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190564-U

Order filed May 24, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| CHICAGO TITLE LAND TRUST COMPANY, as Trustee and as Successor to North Star Trust Company, Successor to Harris Bank, Successor to First National Bank, Under a Trust Agreement Dated October 21, 1979 and Known as Trust No. 1689, by HENRY E. JAMES, the Holder of the Power of Direction and the Owner of the Beneficial Interest of the Land Trust, | ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| VILLAGE OF BOLINGBROOK, | ) ) ) | Appeal No. 3-19-0564 Circuit No. 15-MR-2972 |
| Intervenor-Appellant, | ) ) | |
| (The County of Will, a Body Politic and Corporate, The Will County Planning and Zoning Commission, an Agency of Will County, Lenard Vallone, an Individual, Barbara Peterson, an Individual, Kimberly Mitchell, an Individual, Hugh Stipan, an Individual, Scott Lagger, an Individual, Michael Carruthers, an Individual, and Thomas White, an Individual, Defendants). | ) ) ) ) ) ) ) ) ) ) | Honorable Roger D. Rickmon, Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court.

Justice Schmidt concurred in the judgment.
Justice O'Brien dissented.

**ORDER**

¶ 1   *Held*:   The court erred in entering a preliminary injunction where there was no underlying complaint pending.

¶ 2   The intervenor, the Village of Bolingbrook (the Village), appeals from an order enjoining proceedings to involuntarily annex property that was subject to a pending zoning action filed by the plaintiff, the Chicago Title Land Trust Company, against the defendants, Will County, its zoning commission, and individual members of the commission.

¶ 3   FACTS

¶ 4   The plaintiff owns a three-acre parcel of land in Will County as trustee, with Henry James as the beneficial owner. The plaintiff sought, *inter alia*, a special use permit for outdoor storage and filed an application for a variance for lot frontage with Will County, which included obtaining a building permit for a pole barn. The county zoning commission denied the request after a public hearing. The plaintiff appealed, and the county board denied the plaintiff's appeal.

¶ 5   On December 22, 2015, the plaintiff filed a complaint for administrative review, declaratory judgment, and mandamus against the defendants. The plaintiff argued that it was unable to construct a building on the property absent the variance. The Village moved to intervene in that action, which was granted on January 20, 2016.

¶ 6   On June 28, 2016, the plaintiff filed a *quo warranto* complaint against the Village in the zoning case, alleging that the property subject to the zoning complaint was involuntarily annexed by the Village by the adoption of an ordinance, pursuant to section 7-1-13 of the Illinois Municipal Code (Code) (65 ILCS 5/7-1-13 (West 2016)). The *quo warranto* complaint sought to invalidate

2

the involuntary annexation, arguing that the annexation was a sham transaction because the Village entered into an annexation agreement with Commonwealth Edison (ComEd) in order to create a contiguous boundary for forcibly annexing the plaintiff's property. The trial court granted summary judgment in favor of the Village, and the plaintiff appealed.

¶ 7      On appeal, the majority reversed and remanded, finding that the ComEd annexation was a sham transaction. *Chicago Title Land Trust Co. v. County of Will*, 2018 IL App (3d) 160713. On remand to the trial court, the plaintiff filed a motion for judgment on the pleadings on the *quo warranto* complaint. The trial court granted the motion on November 28, 2018, thus disposing of the *quo warranto* action. However, the plaintiff's action against the defendants remained pending. The plaintiff filed a motion for judgment on the pleadings. A hearing was held on the motion in May 2019, but the court did not issue a ruling at that time.

¶ 8      Meanwhile, in June 2019, the Village entered into a new annexation agreement with ComEd, which contained different terms than the previous agreement. After the execution of the agreement, the Village proposed a new ordinance to annex the plaintiff's property. The plaintiff received notice of the new involuntary annexation and filed a three-page motion on August 28, 2019, titled "Plaintiff's Motion for Entry of an Order on Will County to Issue a Building Permit to Plaintiff and to Stay the [Village] on Force Annexing the Plaintiff's Property Until the Court has Ruled in this Case." The plaintiff's motion asked the court to enter a ruling as to its action against the defendants and requested the court to "[s]tay the [Village's] second attempt to force annex the Plaintiff's property until the final disposition of this lawsuit." The motion cursorily stated, "the Plaintiff's property rights are in need of protection and there is a likelihood of Plaintiff succeeding on the merits of the underlying case and the Plaintiff will suffer irreparable harm in the

absence of the issuance of a stay of the [Village] forced annexing of Plaintiff's property and the Plaintiff has no other adequate remedy at law."

¶ 9       On September 4, 2019, the parties appeared in court. The court stated that it had reached a decision on the plaintiff's motion for judgment on the pleadings in the case against the defendants, it was in the process of typing up the decision, and "[it] granted the motion for judgment on the pleadings, and the order is going to tell [the defendants] to issue a permit." The court gave the Village time to file a response to the plaintiff's pending motion.

¶ 10      The Village filed a motion to strike the plaintiff's motion on September 11, 2019, arguing that the motion was a motion for a preliminary injunction, which was procedurally defective because it was not supported by a complaint and was substantively deficient because it contained nothing more than one sentence summarizing the elements necessary for a preliminary injunction.

¶ 11      A hearing was held on the Village's motion to strike and the plaintiff's motion for a preliminary injunction on September 20, 2019. The court denied the Village's motion to strike and granted the plaintiff's motion for a preliminary injunction. The court issued a written decision on September 24, 2019, which stated, *inter alia*:

> "1. That the second attempt of the [Village] to involuntarily annex the Plaintiff's property as contained in its proposed [ordinance] scheduled for public hearing and action by the Village on September 24, 2019, is a collateral attack on the jurisdiction of the Appellate Court.
>
> 2. That Plaintiff's property rights will be irreparably harmed by the action of the [Village] in involuntarily annexing the Plaintiff's property.
>
> 3. That Plaintiff has a likelihood of success on the merits of the previously decided *quo warranto* action and that Plaintiff has no adequate remedy at law without the entry

4

of an order enjoining the Village from proceeding upon its involuntary annexation of Plaintiff's property.

4. That the Village's new annexation agreement with ComEd does not address all of the issues raised by the Appellate Court in that this Court questions that the annexation of the ComEd property is only an accommodation of the Village so it can involuntarily annex the Plaintiff's property."

The court further stated that the Village was "enjoined from again attempting to involuntarily annex Plaintiff's property *** until such time as the [Village] seeks relief from the Appellate Court." In the same decision, the trial court issued its written order granting the plaintiff's motion for judgment on the pleadings and ordered the defendants to issue a variance for lot frontage and a building permit. The Village filed an interlocutory appeal.

¶ 12                                                      ANALYSIS

¶ 13        On appeal,[1] the Village argues that the court erred in granting the plaintiff a preliminary injunction. Generally, we consider the court's decision to grant or deny a preliminary injunction for an abuse of discretion. *Smith v. Department of Natural Resources*, 2015 IL App (5th) 140583, ¶ 22. We find an abuse of discretion only where the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would adopt the court's view. *Id.* However, we consider the decision *de novo* where the trial court did not make any factual findings and solely ruled on a question of law. *Id.* ¶ 23. While the parties disagree which standard of review applies,

---

[1]We note that the Village filed a motion to strike portions of the plaintiff's appellee brief. We find that the plaintiff's brief substantially complies with Illinois Supreme Court Rule 341 (eff. May 25, 2018) and deny the motion to strike. However, to the extent that the plaintiff cites to any facts or arguments that were not before the trial court when it made its ruling, this court will not consider those items.

here, where the court made factual findings, but the question on appeal is one of law, we find that under either standard our analysis remains the same.

¶ 14　　　　　The Village specifically argues that the court erred in granting the preliminary injunction because it was not supported by a complaint and no complaint remained pending against the Village. We agree. It is clear that, when seeking a preliminary injunction, the plaintiff must file a complaint. Richard A. Siebel, *Injunctions*, in Illinois Civil Practice: Preparing for Trial, §§ 4.40-.41 (Ill. Inst. for Cont. Legal Educ. 2012); *People ex rel. Carter v. Hurley*, 4 Ill. App. 2d 24, 27 (1954).

> " 'The application for temporary restraining order or preliminary injunction may be included in the original complaint, in which case the complaint must be verified, or it may be requested by motion filed at the same time or later and supported by proper affidavits. Even though requested in the complaint, a motion is necessary in order to bring it to the attention of the court and in order to settle the question of notice and bond.' " *Kolstad v. Rankin*, 179 Ill. App. 3d 1022, 1029 (1989) (quoting 3 C. Nichols, Illinois Civil Practice § 2276, at 23 (rev. vol. 1987)).

¶ 15　　　　　The very purpose and nature of a preliminary injunction contemplates the filing of a complaint. The movant must show: (1) a clearly ascertained right in need of protection, (2) irreparable harm without an injunction, (3) no adequate remedy at law, and (4) a likelihood of success on the merits. *People ex rel. Klaeren v. Village of Lisle*, 202 Ill. 2d 164, 177 (2002). Without an underlying complaint, the court cannot consider the likelihood of success on the merits of the case. Moreover, the purpose of a preliminary injunction is to preserve the status quo pending a decision on the merits of the case. *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 157 (1992). A

preliminary injunction, thus, remains in place until the conclusion of, and decision on the merits in, the underlying case.

¶ 16    Here, the plaintiff did not file a complaint with its motion for preliminary injunction and there was no complaint against the Village pending in the trial court as a final disposition had been entered in the previous *quo warranto* action. There are no merits of an underlying case for the court to assess if such a complaint is not filed. While the plaintiff and the court considered the *quo warranto* action when determining the likelihood of success, this final adjudicated case could not be the basis for the plaintiff to obtain a preliminary injunction. The new agreement between ComEd and the Village provided different clauses and facts than that at issue in the *quo warranto* action. Without filing a complaint regarding the new agreement, the plaintiff could not challenge the validity of the new agreement. Further, if there was no complaint on which a final decision could be reached, there would be nothing to halt the operation of the preliminary injunction. Because no complaint was filed or pending against the Village when the plaintiff filed the motion for preliminary injunction, the court erred by granting the motion.

¶ 17    We also note that the plaintiff's motion specifically requested a preliminary injunction until a building permit was granted in the case against the defendants. The court orally granted the plaintiff the building permit on September 4, 2019, which was followed by a written order on September 24, 2019. By the very relief requested by the plaintiff, the plaintiff's request for a preliminary injunction should have expired when the court ordered the defendants to issue a building permit.

## CONCLUSION

¶ 18    The order of the circuit court of Will County is reversed and remanded.

¶ 19    Reversed and remanded.

¶ 20     JUSTICE O'BRIEN, dissenting:

¶ 21     I respectfully dissent from my colleagues for the following reasons.

¶ 22     The plaintiff and the defendants were parties to a pending zoning case at the time of the filing of the plaintiff's motion seeking injunctive relief. Although the plaintiff had already been granted a judgment on the pleadings in the quo warranto proceedings, in accordance with this court's instructions on remand, the trial court had not made a final ruling in the zoning case and still had jurisdiction over the parties and controversy. See Brigando v. Republic Steel Corp., 180 Ill. App. 3d 1016, 1020 (1989) (a trial court generally retains jurisdiction over a case pending before it until a final judgment is entered); see also 735 ILCS 5/2-408(f) (West 2016) (an intervenor has all the rights of an original party). The trial court found that the Village's second annexation agreement with ComEd was an attempt to circumvent the appellate court's authority as set forth in the mandate to the trial court upon remand and found injunctive relief necessary to protect the plaintiff from irreparable harm.

¶ 23     The likelihood of success on the merits necessarily depends on the relief sought. The plaintiff sought injunctive relief for the purpose of completing the process of obtaining a building permit from the county and constructing a building on the property in accordance with the current applicable county zoning ordinance. The trial court had already indicated that it was going to order the county to grant the plaintiff its requested variance and building permit, but the building permit was further delayed since the building plans had never been reviewed by the county. Thus, the relief sought by the plaintiff was an injunction preventing the Village from acting on any effort to circumvent the trial court's order. Although the trial court's written order states that it was finding a likelihood of success on the quo warranto complaint, that conclusion was incomplete in light of the other findings made by the trial court. The plaintiff demonstrated a likelihood of success on

8

the merits of his request for a building permit, absent interference from the Village. In addition, as noted by the majority, the trial court concluded that the new ComEd annexation agreement did not address all of the issues that resulted in this court finding that the first annexation of ComEd was a sham transaction. The trial court did not abuse its discretion and I would affirm the order enjoining proceedings to involuntarily annex the plaintiff's property. See Klaeren, 202 Ill. 2d at 177 (a trial court's decision regarding a preliminary injunction is reviewed for an abuse of discretion).